IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROGER KEITH | : | No. 1:10-cv-00026 GMS |
| Plaintiff | : | |
| v. | : | |
| | : | |
| GIBSON & PERKINS PC et al | : | |
| | : | |
| Defendant | : | |
| | : | |

DEFENDANTS' ANSWER PLAINTIFF'S MOTION FOR REARGUMENT

On May 10, 2011, Plaintiff's filed their Motion and Brief asking for Reargument of the Courts Order and Opinion dated April 20, 2011. Defendants file the within response within the 14 days of Plaintiff's filing as allowed by Local Rule 7.1.5.

The basis of Plaintiff's Motion is the Court overlooked allegations in the Complaint that an implied attorney relationship existed because Keith sought out advice from Wright and Morris James. The Motion sights to ¶ 18 and ¶ 19 of Plaintiff's Complaint.

¶ 18 As a result, Keith, on behalf of his father, Ernest Keith, and on his own behalf, requested Wright and Morris James to assist the Family in allocating the proposed aggregate purchase price for the Von Croy Properties among the members of the Family and their entities which owned the various parcels.

In addition, the complaint alleges in ¶ 19 that Keith "researched, prepared and shared with Wright, a detailed, hand-written review regarding the cost bases of the various entities and family members in the Von Croy Properties, and sought Wright's advice and recommendations regarding the most advantageous allocation of the anticipated proceeds from a tax and estate planning perspective."

This same argument was made on page 17 of Plaintiff's Answering Brief. Even if the allegations were true the disconnect is there is nothing in ¶ 18 and ¶ 19 the Complaint that alleges Wright or Morris James provided any legal advice in <u>response</u> to the request for the assistance alleged in ¶ 18 or legal advice on the request for tax or estate planning advice allegedly asked for in ¶ 19 of the Complaint.

As the Court correctly noted there could never be an attorney client relationship with Wright as Keith's position was adverse to the position Wright's clients. This Court is now the second Court to tell Plaintiff this but the Plaintiff is not listening. This Court could not have been any clearer that what the Court stated on page 7 of its written opinion:

"plaintiff "has either been more sinned against than a sinner or he is a professional litigant; whichever the case, this is the end of the saga." *McKnight* v. *Dean,* 2000 WL 696796, at *1 (N.D. Ill. May 30, 2000).''

The Defense concludes their Response by repeating that portion of their factual narrative of their Opening Brief quoting Judge Young's closing thoughts at the end of his Opinion:

In closing his opinion of May 7, 2007 Judge Young issued these prophetic thoughts:

"In concluding, the Court notes that this case is essentially one in which a father, Ernest Keith, allowed familial ties to cloud his business judgment; and that his son, Roger Keith, through his role as co-executor of the estate, dedicated the last ten years trying to overturn that judgment through the courts of law. That unfortunate, though family-based, decision is not subject to judicial review."

Apparently Mr. Keith cannot take the hint offered to him by Judge Young nor the hint offered by this Court that the "saga" has ended. As one Italian Judge whom counsel has practiced before was known to say under circumstances such as these "Cio Basta".

WHEREFORE, Defendants respectfully request the Court to enter an Order, similar in nature to the proposed form of Order attached hereto, the terms of which will grant the Motion to Dismiss.

Respectfully submitted,

_____
KEVIN WILLIAM GIBSON, ESQ. [ID 2025]
1326 King Street
Wilmington De 19899
302.668.3992 kevingibson@gibperk.com